UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
| | |
|---|---|
| In Re: | * Chapter 11 |
| | * Case No. 10-14214-JMD |
| **Moultonborough Hotel Group, LLC** | * |
| **dba Hampton Inn & Suites** | * |
| | * |
| | * |
| Debtor(s) | * |

*******************************************

| | |
|---|---|
| **Moultonborough Hotel Group, LLC,** | * |
| Plaintiff | * Adv. Pro. No.  11-1001-JBH |
| | * |
| v. | * |
| | * |
| **2010-1 SFG Venture, LLC,** | * |
| Defendant | * |

*******************************************

### *FIRST AMENDED* COMPLAINT TO AVOID MORTGAGE LIEN AGAINST ESTATE PROPERTY AND TO PRESERVE SAID LIEN FOR THE BENEFIT OF THE ESTATE, AND TO DETERMINE THE EXTENT, VALIDITY, AMOUNT AND PRIORITY OF A LIEN ON ESTATE PROPERTY AND THAT THE DEFENDANT HOLDS AN UNSECURED CLAIM AGAINST THE DEBTOR/PLAINTIFF

NOW COMES Moultonborough Hotel Group, LLC, Chapter 11 Debtor-in-Possession ("the Debtor" or "Plaintiff"), and complains *in this First Amended Complaint (all amendments in italics)* against the Defendant, 2010-1 SFG Venture, LLC ("the Lender" or "Defendant") as follows:

### PARTIES

1. The Plaintiff, Moultonborough Hotel Group, LLC, is a limited liability company organized under the laws of the state of New Hampshire with a principal place of business at 195 Laconia Road, Tilton, NH 03267, and a mailing address at c/o Kevin G. Attar, Manager, 14 Sylvester Lane, Hampstead, Rockingham County, State of New Hampshire 03841.

2. The Defendant, 2010-1 SFG Venture, LLC, is a limited liability company organized under the laws of the State of Georgia, with a principal place of business at 450 Park Avenue, New

York, NY 10022 ("the Lender" or "the Defendant").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), and this matter is a core proceeding in that it is filed to determine the amount, validity, extent and priority of, and/or to avoid, a lien against estate property, and to determine the amount and status of a proof of claim, pursuant to 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §1409.

## FACTS

4. Debtor filed a Chapter 11 bankruptcy petition on September 30, 2010 (hereinafter the "Petition Date"), and has been operating as a Debtor-in-Possession since that date. The Debtor owns and operates a Hampton Inn & Suites hotel on its real estate located at 195 Laconia Road, Tilton, Belknap County, State of New Hampshire 03276, consisting of two parcels of land of about 1.5 acres each and the improvements thereon ("the Property").

5. The Lender is the assignee of what purports to be a first mortgage on the Property in the amount of $8,700,000.00, from the Debtor to Specialty Finance Group, LLC ("SFG"), dated as of October 11, 2007, notarized on September 28, 2007, and recorded in the Belknap County Registry of Deeds ("the Registry") at Book 2446, Page 787 ("the Mortgage").

6. There is also a purported Assignment of Leases and Rents for the Property from the Debtor to SFG, also subsequently assigned to the Lender, recorded directly after the Mortgage at the Registry at Book 2446, Page 823, and dated the same day ("the ALR"). The Mortgage and the ALR are hereafter sometimes referred to collectively as "the Instruments."

7. The Mortgage acknowledgment appears as follows:

STATE OF NEW HAMPSHIRE
COUNTY OF BELKNAP

I, the undersigned, a Notary Public in and for said County and State, hereby certify that _David Johnston_, whose name as _Managing Member_ of MOULTONBOROUGH HOTEL GROUP, LLC, a New Hampshire limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the said instrument, he as such officer and with full authority, executed the same voluntarily for and as the act of said company on the date the same bears date.

Given under my hand and official notarial seal this _28_ day of ~~August,~~ Sept. 2007.

_Kathy S. Hunt_
Notary Public

My Commission Expires:



KATHY S. HUNT
Comm# DD0576218
Expires 7/31/2010
Florida Notary Assn., Inc

[NOTARY SEAL]

8.   The Mortgage is purportedly signed by David Johnston as Managing Member of Moultonborough Hotel Group, LLC, and is notarized by Notary Public Kathy S. Hunt ("Hunt"), who affixes a Florida notary seal thereto. Hunt identifies herself in the acknowledgment as "a Notary

Public in and for said County and State"(referring to Belknap County, New Hampshire).  See Mortgage, Assignment of Leases and Rents and Security Agreement, attached hereto as "Exhibit A."

    9.    The ALR is acknowledged as follows:

---

STATE OF NEW HAMPSHIRE
COUNTY OF BELKNAP

I, the undersigned, a Notary Public in and for said County and State, hereby certify that __David Johnston__, whose name as _____ of MOULTONBOROUGH HOTEL GROUP, LLC, a New Hampshire limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the said instrument, he as such officer and with full authority, executed the same voluntarily for and as the act of said company on the date the same bears date.

Given under my hand and official notarial seal this __28__ day of ~~August~~ Sept, 2007.

_Kathy S. Hunt_
Notary Public

My Commission Expires:

KATHY S. HUNT
Comm# DD0676218
Expires 7/31/2010
Florida Notary Assn., Inc

[NOTARY SEAL]

10. The ALR is acknowledged in the same way as the Mortgage, except that David Johnston is not identified in the ALR acknowledgment as the Managing Member of Moultonborough Hotel Group, LLC. See Assignment of Leases and Rents, attached hereto as "Exhibit B." The acknowledgments of the Mortgage and ALR are sometimes referred to collectively as "the Acknowledgments."

11. In point of fact, David Johnston was never the so-called "Managing Member" of the Debtor. As indicated in the Debtor's Certificate of Formation, a copy of which is attached as "Exhibit C," the Debtor is a manager-managed limited liability company and is not managed by a managing member. Further, at the time David Johnston purported to execute the Instruments as "Managing Member," he was not even a member of the Debtor.

12. At all relevant times herein, David Johnston was not a member of the Debtor; he was the General Partner of Oceanside Investment Group, LLLP, which was a member of the Debtor. David Johnston's father, however, also named David Johnston (but not the David Johnston who executed the Instruments), was and is a minority member of the Debtor.[1]

13. Hunt is not a New Hampshire Notary Public and is not a Notary Public "in and for" "Belknap County" or the "State of New Hampshire." Hunt is purportedly (or was at the time of acknowledgment of the Instruments) a Notary Public in the state of Florida.

14. The Mortgage is assigned from SFG to the Federal Deposit Insurance Corp., Receiver ("FDIC") by assignment dated 05/18/10 and recorded on 06/07/10 in the Registry at Book 2644, Page 636. The Notary who signs the FDIC assignment of the Mortgage does not attach his/her seal,

---

[1]There is also a UCC Financing Statement recorded by SFG at the Registry at Book 2446, Page 832. The UCC Financing Statement is invalid because it is based on the improperly executed and acknowledged Mortgage and ALR.

and does <u>not</u> recite the date on which his/her commission expires. <u>See</u> <u>Assignment</u>, attached hereto at Exhibit D.

15.     The ALR is assigned from SFG to the FDIC ("FDIC") by assignment dated 05/18/10 and recorded on 06/07/10 in the Registry at Book 2644, Page 641.  The Notary who signs the FDIC assignment of the ALR does attach his/her seal, which recites the date on which her commission expires. <u>See</u> <u>Assignment</u>, attached hereto at Exhibit E.

16.     The FDIC assigned the Mortgage to the Lender by assignment dated 05/18/10 and recorded on 06/07/10 in the Registry at Book 2644, Page 648.  The Notary who signs the Lender assignment of the Mortgage does attach his/her seal, which recites the date on which her commission expires. <u>See</u> <u>Assignment</u>, attached hereto at Exhibit F.

17.     The FDIC assigns the ALR to the Lender by assignment dated 05/18/10 and recorded on 06/07/10 in the Registry at Book 2644, Page 653.  The Notary who signs the Lender assignment of the ALR does attach his/her seal, which recites the date on which her commission expires. <u>See</u> <u>Assignment</u>, attached hereto at Exhibit G.

18.     Shortly after taking the assignments of the Instruments from the FDIC, the Lender scheduled a foreclosure sale on the Mortgage.

19.     There are several other creditors of the Debtor who claim to have mechanic's liens on the Property which they claim come ahead of the Mortgage.  One of those creditors, RoK Builders, LLC ("RoK") was threatening to place the Debtor in an involuntary bankruptcy around the time the Lender scheduled its foreclosure sale on the Mortgage.

20.     In order to keep control of the Property and keep the hotel business thereon operating, the Debtor filed for Chapter 11 bankruptcy on the Petition Date.  The Debtor has continued to

operate the hotel and the Property as a Debtor-in-Possession since the Petition Date.

21. The Lender has been aggressively trying to foreclose on the Mortgage, filing both a Motion for Relief (which was denied by the Court) and a Motion to Dismiss the case, which has not been ruled on yet by the Court, although the Debtor believes it will be denied, as the Lender's reasons for dismissal are the same as those cited in its Motion for Relief.

22. The Debtor discovered the irregularities in the signatures and Acknowledgments related to the Instruments post-petition, when reviewing the loan documents in preparation for defending the Lender's Motion for Relief.  David Johnston who signed the Instruments is no longer associated with the Debtor.

23. On or about December 23, 2010 the Lender filed Proof of Claim No. 19 against the Debtor as a secured claim in the amount of $10,622,997.83.

24. The original lender, SFG, only loaned $7,800,000.00 of the original loan commitment of $8,700,000.00 to the Debtor, yet, on information and belief, the Lender's Proof of Claim includes the entire $8,700,000.00 original loan commitment amount.

## COUNT I

### (Avoidance of the Mortgage Lien and Assignment of Leases and Rents of the Lender)

25. The Debtor hereby repeats and realleges Paragraphs 1-24 above.

26. A debtor-in-possession under Chapter 11, such as the Debtor herein, has the powers and duties of a Trustee under 11 U.S.C. §544. See 11 U.S.C. §1107(a).

27. Under 11 U.S.C. §544(a)(1), the Debtor

> shall have, as of the commencement of the case, and without regard to any knowledge of the [Debtor] or of any creditor, the rights and powers of, and may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-

7

        (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

28.    In other words, under 11 U.S.C. §544(a)(1), the Debtor is a hypothetical lien creditor with no notice.

29.    State law, in this case New Hampshire law, determines whether an instrument transferring an interest in real estate, such as the Mortgage and/or ALR in this case, is properly executed and recorded. See In Re Ryan (Stern v. Continental Assurance Co.), 851 F. 2d 502, 505 (1st Cir. 1988); In Re Chase, 388 B.R. 462, 466 (Bankr. D.N.H. 2008)(citations omitted).

30.    Under New Hampshire law, an attaching creditor records with no notice of, and takes ahead of, any improperly executed or recorded mortgage or transfer of an interest in real estate, such as an assignment of leases and rents. See Amoskeag Bank v. Chagnon, 133 N.H. 11, 15-16, 372 A.2d 1153, 1156 (1990). See also Chase, supra at 468-9, which cites Amoskeag.

31.    Under New Hampshire law, a mortgage (and presumably an assignment of leases and rents) which is not executed or acknowledged according to statutory formalities is improperly recorded and cannot constitute a charge against a Debtor's homestead right (See Chase v. Ameriquest Mortgage Co., 155 N.H. 19, 22-23 (2007)[2]), or constitute actual or constructive notice of the mortgage to a hypothetical lien creditor. See Chase, supra at 467-8.

32.    An attaching creditor under New Hampshire law is the same as a hypothetical lien creditor under 11 U.S.C. §544(a)(1), and therefore, the hypothetical lien creditor takes ahead of the

---

[2]Chase v. Ameriquest Mortgage Co. is a state law, New Hampshire Supreme Court case involving the same parties as those involved in In Re Chase in the U.S. Bankruptcy Court for the District of New Hampshire. Both cases are cited in this Complaint.

improperly executed or recorded mortgage or other instrument transferring an interest in real estate. See Chase, supra at 468-9.

33. In this case, the Lender's Instruments were not executed or acknowledged according to statutory formalities under state law, and therefore the Debtor, as a hypothetical lien creditor under 11 U.S.C. §544(a)(1), can avoid the Lender's Instruments.

34. Under New Hampshire law, "Every deed or other conveyance of real estate **shall** be signed by the party granting same **and acknowledged** by the grantor **before a justice, notary public or commissioner** and shall show the mailing address of the grantee." N.H.RSA 477:3 (emphasis added).

35. Under New Hampshire law a mortgage or other conveyance of an interest in real estate, such as the Mortgage and/or ALR in this case, is not valid "to hold the same against any person..., unless such deed...be **acknowledged and recorded**, according to the provisions of this chapter." N.H.RSA 477:7 (emphasis added).

36. New Hampshire has adopted the Uniform Law On Notarial Acts for all notarial acts performed after January 1, 2006. N.H. RSA 456-B:9.

37. Under New Hampshire law, N.H. RSA 456-B:3, "A notarial act may be performed within this state by the following persons:(a) a notary public of this state;...."

38. The Mortgage and the ALR indicate they were signed in Belknap County, State of New Hampshire and acknowledged by a Florida notary public.

39. Therefore, the Mortgage and the ALR violate NH RSA 456-B:3 and NH RSA 477:3, because they were not acknowledged by a New Hampshire notary public and were not acknowledged according to the provisions of NH RSA Chapter 477. In fact, the Instruments were

acknowledged by a person who is not a Notary Public in New Hampshire whose notary has no effect in this state.   40.   Therefore, the Instruments have materially defective Acknowledgments, which are really no acknowledgments at all under state law, and the Lender's Mortgage and ALR on the Property can be avoided under 11 U.S.C. §544(a)(1) by the Debtor.

41.   Even if the Mortgage and ALR were signed and acknowledged in Florida, their Acknowledgments still violate New Hampshire law and are voidable by the Debtor.

42.   NH RSA 456-B:7 and NH RSA 477:3 require a notary acknowledging a mortgage or other conveyance of real estate to include a certificate "which **must** include identification of the jurisdiction in which the notarial act is performed." (emphasis added).  The Mortgage and ALR state they were signed and acknowledged in Belknap County, New Hampshire, and Hunt identified herself in the Acknowledgments as a notary public to and for "said county and state, " which she is not.

43.   If the Instruments were actually signed and acknowledged in Florida, they violate NH RSA 456-B:7 and NH RSA 477:3 because they do not state the jurisdiction where the notarial act (i.e. the Acknowledgments) was performed, and in fact falsely state that the Acknowledgments were performed in Belknap County New Hampshire.

44.   NH RSA 456-B:4, which allows for a notarial act performed in another state to have the same effect as if performed in New Hampshire, does not validate the Acknowledgments here because the Acknowledgments also violate, and are invalid under, Florida law.

45.   Much like New Hampshire, Florida requires an acknowledgment by a notary public to state in the notary certificate the jurisdiction (both the state and the county) where an acknowledgment was performed.  See Florida Statutes Annotated §117.05(4) and (13), attached

hereto as <u>Exhibit C</u>.

46. If Hunt acknowledged the Instruments in New Hampshire she violated New Hampshire law because she is not a New Hampshire notary public. If Hunt acknowledged the Instruments in Florida (and presuming she was a Florida Notary Public at the time), the Acknowledgments are invalid under Florida law because she failed to identify the jurisdiction where the Acknowledgments took place in violation of Florida Statutes Annotated §117.05(4) and (13).

47. Because the Acknowledgments are materially defective under both New Hampshire and Florida law, the Instruments are voidable by the Debtor under 11 U.S.C. §544(a)(1).

48. The Mortgage is also ineffective under N.H. RSA 477 because it improperly identifies David Johnston as the "Managing Member" of Moultonborough Hotel Group, LLC when he did not have authority to act on behalf of Moultonborough Hotel Group, LLC, and he was not in fact a member of same. <u>See</u> N.H. RSA 477:2 (entity "authorized to hold real estate may convey the same by agent approved by vote for that purpose.").

49. The Acknowledgment of the ALR contains all of the irregularities and violations of state law formalities as that of the Mortgage, and unlike the Mortgage where David Johnston signed and his signature was acknowledged in the wrong capacity as so-called "Managing Member," the ALR is signed by David Johnston and acknowledged without any reference whatsoever to the capacity in which he is executing the ALR on behalf of the Debtor, also a violation of NH RSA 477 et seq.

50. Additionally, even though it is sufficient that the Instruments are materially defective in order for the Debtor to avoid the Instruments, the assignment of the Mortgage from SFG to the FDIC also violates NH RSA 456-B:7 and NH RSA 477:3, in that the notary public who

11

acknowledged the assignment of the Mortgage failed to attach his/her seal, and failed to indicate the date upon which his/her commission expires. While NH RSA 456-B:7 indicates that this information may be subsequently corrected, it was not corrected prior to the Petition Date.

51. New Hampshire has a "grandfathering" clause which allows an improperly acknowledged mortgage or assignment of leases and rents to become valid after a period of 10 years, but it does not apply to mortgages or assignments challenged within the 10 year period. N.H. RSA 477:16.

52. The Instruments in this case were recorded in 2007, well within the 10 year challenge period allowed by New Hampshire law.

53. According to the First Circuit, the Bankruptcy Court cannot disregard state law statutory formalities if it appears that the state itself would enforce them. See Ryan, supra at 508-09 (bankruptcy court erred in applying a self-created law of constructive notice, in contravention of holding in a Vermont case from the 1800s, when there was no evidence that the highest court in Vermont would abandon the holding in that case).

54. Clearly, based on the recent Amoskeag and Ryan v. Ameriquest cases, and the New Hampshire statutory schemes themselves, statutory formalities regarding the acknowledgment and recording of Mortgages and ALRs are still enforced in New Hampshire.

55. Therefore, the Mortgage and the ALR are avoidable by the Debtor under 11 U.S.C. §544(a)(1).

56. Under 11 U.S.C. §551, the Debtor preserves for the benefit of the estate any lien of the Lender avoided pursuant to this Complaint.

## COUNT II

**(Objection to Claim/Determination of Claim)**

57. The Debtor hereby repeats and realleges Paragraphs 1-56 above.

58. The Lender has filed a Proof of Claim against the Debtor, Claim No. 19 on the case Claim Register, as a secured claim in the amount of $10,622,997.83 ("POC").

59. Because the Debtor is requesting that the Lender's liens in estate property be determined to be invalid, or determined to be zero, this Objection to Claim is being brought as part of this Adversary Proceeding pursuant to Fed. R. Bankr. Pro. 7001(2).

60. Based on Count I above, any claim of the Lender against the Debtor should be determined to be a general unsecured claim. See Chase, supra at 469.

61. It appears that the Lender has included amounts in its POC that are not collectible as part of a general unsecured claim, such as post-petition costs, interest and attorneys fees.

62. Further, the Lender has included in its POC $900,000.00, plus the interest, penalties and fees thereon, which was never loaned to the Debtor by the original lender, SFG and is therefore not an allowable unsecured claim against the Debtor.

63 The Debtor requests that the Court determine that the Lender holds a general unsecured claim against the Debtor, and that the correct amount of the Lender's claim, without any unallowable amounts, be determined by the Court prior to any such claim being allowed.

64. The Debtor reserves its rights to object to other portions of the Lender's POC, including those amounts added for attorneys fees and other amounts which are not allowable under the Lender's loan documents.

## *COUNT III - DETERMINATION OF SECURED STATUS*

65. *The Debtor hereby repeats and realleges Paragraphs 1-64 above.*

*66.	The Debtor seeks a determination of the secured status of the Lender pursuant to 11 U.S.C. §506(a) and (d), and objects to the Lender's POC pursuant to Federal Bankruptcy Rule 3007.*

*67.	Based upon the factual allegations and statements of law in this Complaint, the Debtor has proven defendant does not have a valid mortgage or other security in the Property under applicable law.*

*68.	Therefore, the Debtor requests that the Court determine the secured status of the Lender under the Bankruptcy Code and determine that the Lender is an unsecured creditor of the Debtor.*

WHEREFORE, the Debtor requests that this Honorable Court:

A.	Grant the Debtor judgment on Count I above, and find that the Lender's Mortgage and ALR against the Property are avoided by the Debtor under 11 U.S.C. §544(a)(1);

B.	Order that the liens so avoided under Count I are preserved for the benefit of the bankruptcy estate under 11 U.S.C. §551;

C.	Grant the Debtor judgment on Count II above, and find that the Lender holds a general unsecured claim against the Debtor in a reasonable amount which does not include unallowable amounts such as monies never loaned and the interest, fees and costs associated therewith, post-petition interest, costs and attorneys fees and the like;

*D.	Grant the Debtor judgment on Count III above, and determine that the Lender is an unsecured creditor of the Debtor pursuant to 11 U.S.C. §506(a) and (d), and Federal Bankruptcy Rule 3007; and*

E.	Grant such other and further relief as is just and necessary.

                                        Respectfully Submitted,
                                        Moultonborough Hotel Group, LLC
                                        Chapter 11 Debtor-in-Possession
                                        By and through Its Attorneys,
                                        Donchess & Notinger, P.C.

Dated:  February 27, 2011            /s/ Steven M. Notinger
                                        Steven M. Notinger, Esq., BNH 03229
                                        402 Amherst Street, #204
                                        Nashua  NH  03063
                                        (603) 886-7266
                                        steve@dntpc.com